UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| THOMAS LOWE, | ) |
| | ) |
| Plaintiff, | ) Action No. 6:16-CV-00065-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DE 9, 10) on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits.[1] The matter having been fully briefed by the parties is now ripe for this Court's review.

**I.**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five step analysis:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520(1982)).

## II.

Plaintiff filed an application for disability insurance benefits (DIB), alleging disability beginning in June 2014 (Tr. 173-74). His application was denied initially and on reconsideration (Tr. 79, 95). Thereafter, Plaintiff pursued and exhausted his administrative remedies before the Commissioner (Tr. 25-59 (hearing), 10-20 (administrative law judge (ALJ) decision), 1-4 (Appeals Council's denial of review of ALJ decision)). This case is ripe for review pursuant to 42 U.S.C. § 405(g).

2

Plaintiff was 42 years old at the time he claims he became disabled (*see* Tr. 173). He obtained a GED and served in the Army and the Army National Guard since the mid-1990s (*see* Tr. 213). Plaintiff alleged disability due to a host of impairments, including post-traumatic stress disorder (PTSD), back problems, headaches, shoulder and elbow problems, and sleep apnea (Tr. 212). Plaintiff solely sought treatment from the Department of Veteran's Affairs (VA) during the relevant time period. The VA notes—which are lengthy and contain many duplicates—show he sought treatment for complaints including mid- and lower back pain, dizziness, hearing problems, a history of a traumatic brain injury, headaches, memory problems, and PTSD (*see generally* 319-433, 443-536, 548-758, 767-970). A 2014 neuropsychological assessment showed a history of blast exposure and some residual cognitive impairments, but that he had been to compensate throughout his military career and that he "remain[ed] fit for full duty and me[t] [] retention standards from a neurocognitive perspective" (Tr. 538). A 2014 MRI of his thoracic spine showed multilevel spondylosis (arthritis) (Tr. 745-46) and x-ray of his thoracic spine two months later showed age-related degenerative changes but was otherwise unremarkable (Tr. 313). 2015 x-rays of his spine showed early lower thoracic degenerative changes, a normal lumbar spine, and narrowing in one area of his cervical spine, but were otherwise normal (Tr. 760-62). Later 2015 MRIs of his spine showed a normal

3

thoracic spine, mild disc protrusion in one area of his lumbar spine, and mild narrowing in one area of his cervical spine (Tr. 971-73). Diagnoses included a bulging disc in his thoracic spine, myofascial pain syndrome, PTSD, cognitive disorder, sleep disturbance, headaches, and a history of a traumatic brain injury (*see, e.g.*, Tr. 538, 669). VA doctors gave him steroid injections in his back and medications for his pain (*see, e.g.*, Tr. 728, 877).

The VA assigned Plaintiff a 100% VA disability rating based on VA standards (Tr. 163-65), but no VA or other doctor opined that he had any mental or physical work-related limitations. Two state agency psychologists reviewed Plaintiff's medical records and opined that his mental impairments did not significantly affect his ability to perform work-related activities (Tr. 73-74, 87-88). State agency physician P. Saranga, M.D., reviewed Plaintiff's medical records and opined that he could lift and carry 20 pounds occasionally and 10 pounds frequently; sit and stand/walk six hours each in an eight-hour workday; frequently stoop, crouch, crawl, and climb ladders, ropes, and scaffolds (unlimited on other postural activities); and should avoid concentrated exposure to hazards and vibration (Tr. 89-92).

After reviewing the record, the ALJ determined that Plaintiff had severe impairments as a result of degenerative disc disease in all areas of his spine, arthritis primarily affecting his shoulders and elbows, migraines, vertigo, anxiety disorder, and affective

4

disorder (Tr. 12). The ALJ found that Plaintiff could nonetheless perform a range of light work that did not involve complex instructions and involved only occasional interaction with the public and frequent interaction with supervisors and co-workers (Tr. 16). The ALJ went on to find based, on vocational expert testimony (*see* Tr. 53-56), that Plaintiff could not perform any of his past work as the supervisor of a garage but could perform other jobs in the national economy (Tr. 18-19), including the work of a production assembler, a buffing machine tender, assembler of electrical accessories, and blueprint trimmer. Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act (Act) (Tr. 20).

### III.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted). Substantial evidence "'means such relevant evidence as a reasonable mind might accept.'" *Foster*, 279 F.3d at 353 (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1991)).

5

**IV.**

Plaintiff argues that the ALJ's finding that, despite his limitations, Plaintiff retained the residual functional capacity to perform a reduced range of light work that did not involve performing complex instructions and involved only limited interaction with others was not supported by substantial evidence. In determining "the most [a claimant] can still do despite his impairments[,]" an ALJ is required to assess a claimant's RFC-based on all of the relevant medical and other evidence. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1) & (5), 404.1545(a)(3). Thus, no medical source opinion is alone conclusive on this issue. SSR 96-5p, 1996 WL 374183, at *2, 4-5. Similarly, a claimant's subjective complaints of pain or other symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a). While there is a limited burden shift to the Commissioner at step five of the sequential evaluation to identify work existing in significant numbers in the national economy that a claimant can perform, the claimant retains the burden of establishing his RFC limitations. *Jordon v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citation omitted) ("The SSA's burden at the fifth step is to prove the availability of jobs in the national economy that the claimant is capable of performing . . . The claimant, however, retains the burden of proving her lack of RFC.") (citing *Her v. Comm'r of Soc. Sec.*, 203

F.3d 388, 391-92 (6th Cir. 1999)). He has failed to carry that burden in this matter.

Essentially, in the absence of medical source opinions to support his claim that he had greater limitations, Plaintiff Lowe relies on his VA disability rating. This is not enough without more because VA disability ratings are based on VA criteria for disability, *Deloge v. Comm'r of Soc. Sec. Admin.*, 540 F. App'x 517, 519 (6th Cir. 2013) ("The VA relies on independent and distinct criteria to assess disability, however, and its determination would not have controlled whether Deloge was eligible for Social Security disability benefits."), whereas the Social Security Act's criteria for disability do not contemplate degrees of disability or allow for an award of benefits based on partial disability. *See Clark v. Sullivan*, 891 F.2d 175, 177 (7th Cir. 1989) (drawing distinction between the Seocial Security Act and a worker's compensation system).

That said, the ALJ considered Plaintiff's VA medical records throughout his decision (Tr. 12, 13, 17), even though it ultimately concluded that his VA disability rating was not persuasive evidence that Plaintiff was disabled under the Social Security Act's standards. Notably, the ALJ was aware that the VA disability rating inquiry was directed toward degrees of disability, noting that VA doctors expressed concern that Plaintiff was exaggerating his headaches and psychological symptoms "in an attempt to obtain

7

a higher [VA] rating that is not warranted" (Tr. 13, 18, *see* Tr. 498, *see also* Tr. 542 ("showed a significant over reporting of unusual symptoms; this may be due to exaggeration or severe psychopathology"). He also observed that Plaintiff sought "very little treatment" for arthritis, yet arthritis accounted for some of the 100% VA disability rating (Tr. 17). The ALJ was appropriately engaged with the record evidence from the VA's medical care providers, and it was reasonable for the ALJ to consider that evidence but not rely on the VA disability rating as he did. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) ("We have held that a disability rating from the [VA] is entitled to consideration, but we have not specified the weight such a determination should carry when determining social security disability eligibility."); *see also Fisher v. Shalala*, 41 F.3d 1261, 1262 (8th Cir. 1994) ("There is no support for Fisher's contention that his sixty-percent service-connected disability rating equates with an inability to engage in any substantial gainful activity under social security standards.").

The Court also considers Plaintiff's argument that the ALJ's determination of his RFC is not supported by substantial evidence because treating physician opinions show that he is unable to perform the physical and mental demands of that RFC. There is, however, no treating physician opinion in the record. Rather, the ALJ had agency consulting physician and psychologists' opinions

8

upon which to rely. Dr. Saranga opined that Plaintiff could perform a range of light work in his medical source opinion on Plaintiff's physical abilities. (Tr. 89-92).. In the two mental medical source opinions available in the record, Drs. Brake and Ebben conclude that Plaintiff did not have any mental impairments that significantly affected his ability to perform work. (Tr. 73-74, 87-88). The ALJ ultimately agreed with the restriction to light work but gave Plaintiff the benefit of the doubt and limited him to work that did not involve complex instructions or more than occasional interaction with the public or frequent interaction with coworkers and supervisors. (Tr. 16). Thus, the ALJ reasonably weighed the only medical opinions available and assessed a residual functional capacity that was even more restrictive in some ways than these opinions. Considering the record as a whole, his reliance on the only opinions of record was entirely reasonable. *See* 20 C.F.R. § 404.1527(d)(2)(i) (state agency medical consultants "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation").

Finally, the Court is not persuaded by Plaintiff's general challenge to the ALJ's reliance on the vocational expert in finding that he could perform jobs in the national economy (Pl.'s Br. at 7-8). In light of an RFC supported by substantial evidence, the Court cannot fault the Commissioner's reliance on the VE's

otherwise unobjectionable testimony as to the jobs available to an individual so limited in the national economy. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

The Court declines to disturb the well-reasoned decision of the ALJ on review, and the decision of the Commissioner will be affirmed. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) (unpublished) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive [judicial] review."). The decision of the Commissioner will be affirmed.

Accordingly, for all of the reasons set forth above, **IT IS ORDERED**:

1) that Plaintiff's Motion for Summary Judgment (DE 9) is **DENIED;** and

2) that Defendant's Motion for Summary Judgment (DE 10) is **GRANTED.**

This the 29th day of September, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge